UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeffery Sharp,

   Plaintiff,

    v.              Case No. 1:14cv749

Commissioner of Social Security       Judge Michael R. Barrett

   Defendant.

## ORDER

  This matter is before the Court upon the Magistrate Judge's February 3, 2016 Report and Recommendation ("R&R") which recommends that the decision of the Commissioner be affirmed and this matter be closed on the docket of the Court. (Doc. 17).

  Notice was given to the parties under 28 U.S.C. § 636(b)(1)(c). Plaintiff filed objections to the Magistrate Judge's R&R. (Doc. 18).

  When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

  The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here.

**A. <u>Dr. Shah</u>**

Plaintiff argues that the ALJ did not properly weigh the opinion of Dr. Shah, who Plaintiff explains is his treating psychiatrist. Plaintiff explains that the ALJ did determine whether Dr. Shaw was entitled to controlling weight; and improperly gave "great weight" to Drs. Lester and Berg, who are consultative examiners.

The Magistrate Judge addressed this same argument in her R&R, and the Court finds no error in the Magistrate Judge's conclusion that the ALJ properly weighed the medical opinion evidence.

As the Sixth Circuit has explained:

> In assessing the medical evidence supplied in support of a claim, there are certain governing standards to which an ALJ must adhere. Key among these is that greater deference is generally given to the opinions of treating physicians than to those of non-treating physicians, commonly known as the treating physician rule. *See* Soc. Sec. Rul. 96–2p, 1996 WL 374188 (July 2, 1996); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Because treating physicians are "the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone," their opinions are generally accorded more weight than those of non-treating physicians. 20 C.F.R. § 416.927(d)(2). Therefore, if the opinion of the treating physician as to the nature and severity of a claimant's conditions is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record," then it will be accorded controlling weight. *Wilson*, 378 F.3d at 544. When the treating physician's opinion is not controlling, the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors. *Id.*

*Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (footnote omitted). Here, the ALJ found that Dr. Shaw was not entitled to controlling weight because his

opinion was inconsistent with other substantial evidence in the record, including the opinions of Drs. Berg and Lester. (Tr. 21). The ALJ also found that Dr. Shaw's opinion was not supported by medically acceptable clinical findings and laboratory diagnostic techniques. (Tr. 21). Instead of giving Dr. Shaw controlling weight, the ALJ gave Dr. Shaw "some weight." (Tr. 21). As the Magistrate Judge explained, the ALJ did so after properly considering the factors outlined in 20 C.F.R. § 404.1527. Therefore, Plaintiff's objections on this point are OVERRULED.

Plaintiff also makes a brief argument that the ALJ erroneously relied on GAF scores. (Doc. 18, PAGEID #1086). However, as the Magistrate Judge explained, the ALJ properly relied on these scores when considering the degree of impairment caused by Plaintiff's symptoms. (Doc. 17, PAGEID # 1069, n.2). Therefore, Plaintiff's objections on this point are OVERRULED.

### B. Credibility

Plaintiff argues that the activities of daily living identified by the ALJ do not support the ALJ's credibility evaluation.

One of the factors an ALJ is to consider in his evaluation of symptoms include the claimant's daily activities. 20 C.F.R. § 416.929(a); see also Soc. Sec. Rul. 96–7p, 1996 WL 374186, at *2–3 (July 2, 1996) (Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements). In evaluating Plaintiff's credibility, the ALJ cites to Plaintiff's relationship with his girlfriend and socializing with other friends. (Tr. 20). The ALJ explained that this evidence was inconsistent with Plaintiff's alleged disability, due in part to depression and anxiety. (Tr. 20). The ALJ also cited to Plaintiff's inconsistent reports regarding his

3

marijuana use. (Tr. 20-21). The ALJ also considered Plaintiff's inconsistent allegations of difficulty sleeping and fatigue. (Tr. 21). After considering the evidence in the record, the ALJ found Plaintiff's testimony "to be partially, but not fully credible." (Tr. 20). The Court concludes that the Magistrate Judge did not err in finding that the ALJ properly considered the requisite factors in making this credibility determination. Therefore, Plaintiff's objections on this point are OVERRULED.

### C. Vocational factors

Plaintiff argues that the ALJ's determination that Plaintiff could perform the jobs of hand packager and merchandise marker is not supported by substantial evidence. Plaintiff explains that the Vocational Expert ("VE") testified that the ability to get along with supervisors and co-workers is a qualification for these jobs, and it was the opinion of Dr. Berg that Plaintiff's depression or mood swings would cause difficulty with supervision. However, the RFC does include the following limitations: "claimant is limited to work that involves simple, routine, and repetitive task; performed in a low stress environment, defined as free of fast paced production requirements, involving only simple work-related decisions, with few—if any—work place changes, no duties to engage in conflict resolution or persuading others to act in any particular way, no interaction with the general public, and only occasional and superficial interaction with co-workers." These limitations were included in a hypothetical to the VE. (Tr. 58-59). The VE testified that with those limitations, Plaintiff would be able to perform the job of hand packager and merchandise marker. (Tr. 59, 60). Therefore, Plaintiff's objections on this point are OVERRULED.

Based on the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's

February 3, 2016 R&R.  (Doc. 17).   Accordingly, the decision of the Commissioner is **AFFIRMED**.   This matter shall be **CLOSED and TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

 *s/Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court